Lamont CRAYTON–HOWELL, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–9506–CR–336.

Court of Appeals of Indiana.

March 28, 1996.

Annette Fancher Sheldon, Indianapolis, for appellant.

Pamela Carter, Attorney General, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, for appellee.

## OPINION

BAKER, Judge.

Appellant-defendant Lamont Crayton–Howell (Howell) contests his conviction for Carrying a Handgun without a License,[1] a Class C felony.[2] Specifically, he claims that the trial court erred in admitting evidence seized during an allegedly illegal search of his vehicle.

### FACTS

On November 16, 1994, Indianapolis Police Officer William Norlock observed a vehicle containing two individuals speeding southbound on Keystone Avenue in Indianapolis, Indiana. As a result, Officer Norlock stopped the vehicle and asked Howell, who had been driving, for his driver's license and registration. Howell was unable to produce either. However, Howell did give the officer his name, date of birth and social security number. With this information, Officer Norlock performed a check of Howell's driving status. The check revealed that there was a warrant out for Howell's arrest. Thus, Officer Norlock advised Howell of the outstanding warrant, asked him to step out of the vehicle, and arrested him. After Howell complied, Officer Norlock searched Howell and discovered two cigarettes in his coat pocket, which later were determined to contain marijuana.

Meanwhile, Indianapolis Police Officer Jeffrey Krider arrived on the scene and was informed that the passenger in the vehicle also had a warrant out for his arrest. Officer Krider removed the passenger from the vehi-

---

1. IND.CODE §§ 35–47–2–1 and 35–47–2–23(c)(2)(B).

2. Although Howell was also convicted of Possession of Marijuana, a Class A misdemeanor, pursuant to IND. CODE § 35–48–4–11, he does not challenge this conviction on appeal.

cle and arrested him. Thereafter, Officer Krider opened the glove box in an attempt to locate the vehicle registration. Inside the glove box, Officer Krider found a handgun and insurance documents indicating that Howell was the owner of the vehicle.

On November 1, 1994, the State charged Howell with Possession of a Handgun with Obliterated Serial Number,[3] a Class C felony, Carrying a Handgun Without a License,[4] a Class A misdemeanor, and possession of marijuana, a Class A misdemeanor. On the same day, the State amended its information to include a charge of carrying a handgun without a license, as a Class C felony. During the subsequent trial, the State introduced the handgun and marijuana into evidence. On February 8, 1995, following a jury trial, Howell was convicted of possession of marijuana, a Class A misdemeanor, and carrying a handgun without a license, a Class C felony. Thereafter, the trial court sentenced Howell to one year imprisonment on the possession conviction and six years imprisonment on the handgun conviction, both to be served concurrently. Howell now appeals.

### DISCUSSION AND DECISION

▉ Howell asserts that the search of his vehicle was improper and, thus, the trial court erred in admitting into evidence the handgun seized during the search.[5] Although Howell concedes that he failed to raise an objection at trial challenging the admissibility of the handgun, he attempts to circumvent waiver by claiming fundamental error. Fundamental error is error that is a substantial and blatant violation of basic principles rendering the trial unfair to the defendant. *Townsend v. State*, 632 N.E.2d 727, 730 (Ind.1994). When alleging fundamental error, the defendant bears the burden of proving that the alleged error occurred and that it was fundamental in nature. *Id.*

▉ Specifically, Howell argues that pursuant to the officers' testimony, they were attempting to perform an inventory search, but he claims that the officers failed to follow proper procedures. Regardless of whether

this was an inventory search, we hold that the search was proper as a search incident to arrest. Here, we find, and Howell does not dispute, that his arrest was lawful for it was effectuated pursuant to an outstanding warrant for his arrest. When an officer has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of the vehicle. *Perkins v. State*, 451 N.E.2d 354, 356 (Ind.Ct. App.1983); citing *New York v. Belton*, (1981) 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768. Such a search may include an examination of the contents of any containers found within the passenger compartment, including a glove compartment. *Belton*, 453 U.S. at 461, n. 4, 101 S.Ct. at 2864, n. 4. In addition, it is of no moment that such a search occurs after the occupant has been removed from the vehicle. *Jackson v. State*, 597 N.E.2d 950, 957 (Ind.1992). Hence, because the officers lawfully arrested Howell, as a contemporaneous incident of that arrest, they were entitled to search his automobile including the glove box in the passenger compartment. Accordingly, the search was valid and the trial court did not err in admitting the evidence seized during it.

Judgment affirmed.

NAJAM and KIRSCH, JJ., concur.

---

**3.** IND. CODE §§ 35–47–2–18 and 35–47–2–23(b).

**4.** IND. CODE §§ 35–47–2–1 and 35–47–2–23(c).

**5.** We observe that Crayton does not contest the admission of the marijuana into evidence.