**STATE of Indiana, Appellant–Plaintiff,**

v.

**Jimmie R. LAMAR, Appellee–Defendant.**

No. 49A02–9603–CR–128.

Court of Appeals of Indiana.

May 30, 1997.

Pamela Carter, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

## OPINION

STATON, Judge.

The State of Indiana brings this appeal pursuant to Indiana Code § 35–38–4–2(5) (1993) contesting the trial court's grant of Jimmie R. Lamar's motion to suppress illegally seized evidence. The State raises the sole issue of whether the trial court erred in granting the motion to suppress.

We reverse and remand.

On June 14, 1995, Detective Kimberly Travis was working undercover posing as a prostitute. Lamar drove alongside Detective Travis and asked her "How much?" Detective Travis held up two fingers to indicate

twenty dollars. Upon approaching Lamar's automobile, Detective Travis saw Lamar holding several pieces of what appeared to be crack cocaine. Lamar asked Detective Travis to pick one. At this point, Detective Travis realized Lamar was attempting to deal narcotics, not to solicit a prostitute. Detective Travis instructed Lamar to pull into a nearby parking lot. She then gave a hand signal to nearby police officers to assist her.

Upon seeing the hand signal, Detective Staal and Officer Hamier pulled behind Lamar. Lamar put his car in gear and drove away. The officers followed Lamar for approximately two blocks until Lamar stopped. Lamar was placed under arrest. Officer Huber, who was now present on the scene, searched Lamar's automobile discovering 3.532 grams of rock cocaine hidden behind a panel in the dashboard. The trial court suppressed the cocaine as the result of an illegal inventory search in violation of both the Fourth Amendment and Article One, Section Eleven of the Indiana Constitution.

■ Before turning to our analysis, it is necessary to correct the legal posture of the issue presented. As noted above, the trial court suppressed the cocaine as the result of an illegal inventory search. The focus on inventory search law appears to have arisen from Officer Huber's testimony that he inventoried the car on the scene. As noted by the State below, "inventory" was simply Officer Huber's choice of words which does not control the legal issue involved. Rather than an inventory search, the facts of this case evoke issues associated with searches incident to a lawful arrest.[1] *See, e.g., Crayton–Howell v. State*, 663 N.E.2d 227, 229 (Ind.Ct. App.1996) (officers' testimony that search was an inventory search did not alter fact that search was incident to arrest).

### I.

#### Fourth Amendment

■ When evaluating the propriety of a warrantless search under the Fourth Amend-

ment of the United States Constitution, we accept the factual findings of the trial court unless they are clearly erroneous. *Ornelas v. United States*, —— U.S. ——, ——, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996); *Brown v. State*, 653 N.E.2d 77, 81 (Ind.1995). Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences to support them. *State v. Hollins*, 672 N.E.2d 427, 430 (Ind.Ct.App.1996), *trans. denied.* When determining whether the findings are clearly erroneous, we consider only the evidence most favorable to the judgment and the reasonable inferences flowing from that evidence. *Id.* We will not judge witness credibility or reweigh the evidence. *Id.* However, the ultimate determination of reasonable suspicion or probable cause is reviewed *de novo. Ornelas*, —— U.S. at ——, 116 S.Ct. at 1663; *Brown*, 653 N.E.2d at 81.

■ Where officers have probable cause to arrest a defendant in his automobile, they are permitted to search the entire passenger compartment of the vehicle including opening any containers found therein. *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *New York v. Belton*, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981); *Woods v. State*, 640 N.E.2d 1089, 1091 (Ind.Ct.App.1994). Probable cause for arrest exists where at the time of arrest the officer has knowledge of facts and circumstances which warrant a person of reasonable caution to believe a suspect has committed the criminal act in question. *Culpepper v. State*, 662 N.E.2d 670, 675 (Ind.Ct. App.1996), *reh. denied, trans. denied.*

■ In this case, there can be little doubt that the police had probable cause to arrest Lamar. Detective Travis saw Lamar holding several rocks of crack cocaine which Lamar offered for sale to her. Too, after Detective Staal and Officer Hamier pulled behind Lamar, Lamar fled the scene. Thus, when

---

1. We note that Lamar has not favored us with a brief. When only the appellant files a brief, we may reverse the trial court if the appellant makes a *prima facie* showing of error. *Rzeszutek v. Beck*, 649 N.E.2d 673, 676 (Ind.Ct.App.1995), *reh. denied.* This rule "protects this court and relieves it from the burden of controverting arguments advanced for reversal, a duty which properly remains with counsel for the appellee." *Id. Prima facie* error is error at first sight, on first appearance or on the face of it. *Finney v. Relphorde*, 612 N.E.2d 191, 192 (Ind.Ct.App.1993).

Lamar was stopped a few blocks later, the police had probable cause to arrest Lamar for possession of cocaine, dealing cocaine and resisting law enforcement. The subsequent search of Lamar's automobile did not run afoul of the Fourth Amendment. *Ross*, 456 U.S. at 813–15, 102 S.Ct. at 2167; *Belton*, 453 U.S. at 459–61, 101 S.Ct. at 2864.

## II.

### *Article One, Section Eleven*

Separate and distinct from the Fourth Amendment, Article One, Section Eleven of the Indiana Constitution also guarantees Hoosiers the right to be free from unreasonable searches and seizures. Challenges to seized evidence under Article One, Section Eleven are evaluated under an independent "reasonableness" standard. *Peterson v. State*, 674 N.E.2d 528, 533 (Ind.1996); *Brown*, 653 N.E.2d at 81. In determining whether a search comports with Article One, Section Eleven, we look at the facts of each case to determine whether, under a totality of the circumstances, the police behavior was reasonable. *Brown*, 653 N.E.2d at 79–80; *Lloyd v. State*, 677 N.E.2d 71, 76 (Ind.Ct. App.1997), *reh. denied.*

Turning to the facts of this case, we note that the police observed a felony committed in their presence; specifically, Lamar was in possession of cocaine which he offered to sell Detective Travis from his automobile. When the other officers arrived on the scene, Lamar fled in his automobile. The trial court found that the officers followed Lamar closely, never losing sight of him, and that the officers did not see Lamar throw anything out of his automobile. The chase lasted only a few seconds as Lamar traveled less than two blocks. Too, the police had probable cause to arrest Lamar and the arrest was effected while Lamar was in his automobile. We conclude that it was reasonable for the officers to search Lamar's automobile for the illegal drugs which the police had seen in his automobile just a few seconds earlier. Accordingly, the trial court erred by suppressing the cocaine since the search was consistent with both the Fourth Amendment and

Article One, Section Eleven of the Indiana Constitution.

Reversed.

HOFFMAN and KIRSCH, JJ., concur.