Kevin SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 44A05–0204–CR–158.

Court of Appeals of Indiana.

Jan. 14, 2003.

Susan K. Carpenter, Public Defender of Indiana, Gregory L. Lewis, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Stephen R. Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Kevin Smith (Smith) appeals his convictions of dealing in cocaine, a Class A felony, Ind.Code § 35–48–4–1, and possession of a controlled substance, a Class D felony, Ind. Code § 35–48–4–7. He also appeals his sentence with regard to his conviction of dealing in cocaine.

We affirm in part, and reverse and remand in part.

Smith presents two issues for our review which we restate as:

1. Whether the trial court erred by denying Smith's motion to suppress certain evidence obtained as a result of an allegedly illegal search.

2. Whether the trial court erred in sentencing Smith.

On January 30, 1999, the sheriff's department of LaGrange County, Indiana received information that Smith would be traveling a specific route back to LaGrange County from South Bend in a gray or silver Buick Riviera with a particular license plate number and would be transporting a large quantity of drugs. The car was spotted by an officer who eventually initiated a traffic stop for minor traffic violations. Smith was asked to exit the car, and, when Trooper Culler of the Indiana State Police conducted a pat-down search as a safety precaution, he found drugs in Smith's coat pocket. When Trooper Culler stated he had found drugs, Smith hit Trooper Culler on the forearm and attempted to flee. Based upon this incident, Smith was convicted of dealing in cocaine, possession of a controlled substance, and battery of a law enforcement officer. Smith was sentenced to an aggregate sentence of twenty years. This appeal ensued.

■ Smith first contends that the trial court erred by denying his motion to suppress the drugs found in his coat pocket during the pat-down search. Specifically, he argues that the seizure of the drugs violated the "plain feel" doctrine, and, therefore the drugs should have been suppressed.

■ The admissibility of evidence is within the sound discretion of the trial court, and we will not disturb the decision of the trial court absent a showing of abuse of that discretion. *Gibson v. State*, 733 N.E.2d 945, 951 (Ind.Ct.App.2000). We review the denial of a motion to suppress in a manner similar to other sufficiency matters. *Overstreet v. State*, 724 N.E.2d 661, 663 (Ind.Ct.App.2000), *reh'g denied, trans. denied*, 741 N.E.2d 1251 (2000). We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, we must also consider the uncontested evidence favorable to the defendant. *Id.*

■ Further, when evaluating the propriety of a warrantless search under the Fourth Amendment, we accept the factual findings of the trial court unless they are clearly erroneous. *Burkett v. State*, 691 N.E.2d 1241, 1244 (Ind.Ct.App.1998), *reh'g denied, trans. denied.* Findings of fact are clearly erroneous when the record lacks any facts or reasonable inferences to support them. *Id.* When determining whether the findings are clearly erroneous, this Court considers only the evidence most favorable to the judgment and the reasonable inferences flowing from that evidence. *Id.* In so doing, we will not judge witness credibility, or reweigh the evidence. *Id.*

In *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), the United States Supreme Court determined that police officers may seize contraband detected through the officer's sense of touch, hence the term "plain feel" doctrine, during a search of a person for weapons for the safety of the officer. The Court explained:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless sei-

zure would be justified by the same practical considerations that inhere in the plain view context.

*Id.* at 375–76, 113 S.Ct at 2137. To that end, this Court has previously determined that to allow the admission of contraband seized without a warrant under the "plain feel" doctrine, two factors must be fulfilled: (1) the contraband must have been detected during an initial search for weapons rather than during a further search, and (2) the identity of the item or items must have been immediately apparent to the officer. *Burkett,* 691 N.E.2d at 1244–45.

In the present case, defense counsel asked Trooper Culler several preliminary questions out of the presence of the jury, as follows:

DEFENSE COUNSEL: And in your deposition you told me that you believed it was drugs?

TROOPER CULLER: Correct.

DEFENSE COUNSEL: A belief is not positive, it's just a belief, is that correct?

TROOPER CULLER: In my mind what I believed I had a hold of was a controlled substance, the way it felt and the way it was—*the way I could manipulate it in my fingers.*

Tr. at 261 (emphasis added). The above-italicized portion is the statement with which Smith claims error. He asserts that this statement by Trooper Culler shows not only that Trooper Culler engaged in a further search by manipulating the object but also that it was not immediately apparent to the trooper that the object in Smith's pocket was contraband until he manipulated the item with his fingers. Thus, he argues that neither of the two requirements of the plain feel doctrine are fulfilled in this case.

Here, Smith appears to contend that Trooper Culler's alleged manipulation of the object in Smith's pocket constitutes a "further search" that rendered the subsequent seizure of the drugs unconstitutional. Smith cites *Dickerson* in support of his argument; however, in *Dickerson,* the officer, after feeling a lump in the defendant's pocket, squeezed, slid and otherwise manipulated the contents of the pocket before determining that the lump was contraband. The officer then reached into the defendant's pocket and retrieved the item which turned out to be crack cocaine. Here, Trooper Culler discovered the object in Smith's pocket during a routine pat-down search for weapons. Upon feeling the object in Smith's pocket, Trooper Culler stated that he had found drugs. Although, during preliminary questioning by defense counsel, Trooper Culler stated that he could feel that the object was a controlled substance because of the way he could "manipulate" it with his fingers, the testimony reveals that there was no further search conducted as there was in *Dickerson.* There are no facts in the present case indicating that Trooper Culler's search was anything other than an initial pat down and Smith points to none. Thus, we are satisfied that Trooper Culler detected the drugs during a protective pat down for weapons.

We turn now to the second factor of the plain feel doctrine regarding whether the identity of the object was "immediately apparent" to the officer. Smith makes much of the terminology used by Trooper Culler during his responses to preliminary questioning by defense counsel. Although Trooper Culler did respond to preliminary questions from defense counsel by saying, "In my mind what I believed I had a hold of was a controlled substance, the way it felt and the way it was—*the way I could manipulate it in my fingers,*" the testimony as a whole does not suggest that Trooper Culler had to actually manipulate the object in any way before he was able to

determine that it was contraband. Tr. at 261 (emphasis added). In response to further questioning by defense counsel, Trooper Culler also stated as follows:

DEFENSE COUNSEL: When you were holding on to that—I believe your testimony was you, you believed it was drugs, you weren't sure were you?

TROOPER CULLER: No, I was sure.

DEFENSE COUNSEL: You were sure?

TROOPER CULLER: Yes.

Tr. at 260–61. Additionally, Trooper Culler testified that during an initial pat-down search, he felt in Smith's coat pocket an object "about the size of an egg" that was soft "in spots" but also with "some hard objects." Tr. at 269. Trooper Culler further articulated that, based upon his information regarding this particular vehicle, its occupants and contents, as well as his knowledge of controlled substances and their packaging, he believed the object to be "a controlled substance such as cocaine or methamphetamine." Tr. 269. As soon as Trooper Culler felt the object, he announced aloud that Smith had drugs. Tr. at 269. Officer Smith, who was riding with Trooper Culler on the night of the incident, also testified that as Trooper Culler was conducting the pat-down search of Smith, he stated that Smith had drugs. Smith replied that it was a roll of quarters, to which Trooper Culler again stated that it was drugs. Tr. at 234. Trooper Culler's identification of the object as drugs was "fairly immediate" following his pat down of the outside of Smith's pocket. Tr. at 246. The evidence supports the finding that the identity of the contraband in Smith's pocket as drugs was immediately apparent to Officer Culler at the time of the protective pat down. Thus, the evidence shows that the plain feel doctrine was satisfied and the drugs were properly seized from Smith's coat pocket. The trial court properly denied Smith's motion to suppress.

Smith also asserts that the trial court erred in sentencing him. Specifically, Smith alleges that the aggravating circumstances identified by the trial court were inappropriately considered.

 Sentencing is a determination within the sound discretion of the trial court, and we will not reverse the trial court's decision absent an abuse of discretion. *Allen v. State*, 722 N.E.2d 1246, 1250 (Ind.Ct.App.2000). The trial court's sentencing discretion includes determining which aggravating and mitigating circumstances to consider in sentencing and the weight to accord each of these factors. *Allen v. State*, 719 N.E.2d 815, 817 (Ind.Ct. App.1999), *trans. denied*, 735 N.E.2d 219 (2000). However, when an appellate court cannot reach the conclusion that the sentencing decision by the trial court would have been the same had it not relied upon impermissible factors, then we will remand for a new sentence or revise the sentence on appeal. *Angleton v. State*, 686 N.E.2d 803, 815 (Ind.1997).

 In the present case, Smith was sentenced to thirty-two years for his conviction of dealing cocaine, of which the trial court suspended twelve. He was also sentenced to three years for possession of a controlled substance and twelve months for the battery of Trooper Culler, both of which were to run concurrent to the sentence for dealing. A review of the sentencing statement reveals that the trial court identified two aggravating factors when imposing Smith's slightly enhanced sentence.

All right. Well, I'll find as aggravators the volume of drugs involved. The fact that you sell for profit and not for use. ..... I'm sentencing you on Count One to 32 years. I'm suspending 12, I'm

giving you 20. The last six months to serve on home monitoring. Count Two, 3 years concurrent, Count Three, 12 months concurrent. 5 years of probation under standard terms plus a fine of $1,129.00, I'm sorry court costs of that much. Fine, Count One a $1,000.00; Count Two a $1,000.00, Count Three, $500.00; I'll suspend half of all those fines. 250 hours of community service. At least one alcoholic anonymous or narcotics anonymous meeting a week for the first year.....

Tr. at 378.

■ Both of the aggravating circumstances cited by the trial court were inappropriately used to enhance Smith's sentence. We will discuss each in turn. First, the court relied upon "the volume of drugs involved." The State argues that this factor goes to the "nature and circumstances" of the crime. *See* Ind.Code § 35–38–1–7.1 (stating that in determining what sentence to impose for a crime, the court shall consider, among other things, the nature and circumstances of the crime committed). However, although a trial court may appropriately consider the particularized circumstances of a criminal act as aggravating factors, a fact that comprises a material element of the offense may not also constitute an aggravating factor to support an enhanced sentence. *Stone v. State*, 727 N.E.2d 33, 37 (Ind.Ct.App.2000). Here, the trial court erred in using the amount of drugs involved in this incident as an aggravating circumstance because the amount of drugs is a material element of the offense with which Smith was convicted. Ind.Code § 35–48–4–1 provides that the Class B felony offense of dealing in cocaine is enhanced to a Class A felony if the amount of the drug involved weighs three (3) grams or more. Smith was found to have approximately 85 grams of cocaine; thus, he was charged with dealing in co-

caine as a Class A felony. Because the amount of the drug involved was part of the felony charged, it cannot support the enhanced sentence. Therefore, the use of this aggravating factor was improper. *See id.*

■ The trial court also improperly relied upon the fact that Smith apparently sells drugs strictly for profit rather than to obtain money with which to purchase drugs for himself. The selling of this cocaine, regardless of the reason for the selling, forms the basis for the offense of dealing in cocaine. The selling, or dealing, is a material element of the offense of dealing in cocaine and cannot be used as an aggravating circumstance to enhance Smith's sentence for that offense.

Based upon the foregoing discussion and authorities, we conclude that the drugs were properly seized from Smith's coat pocket pursuant to the "plain feel" doctrine and that the trial court properly denied Smith's motion to suppress this evidence. In addition, we conclude that the trial court inappropriately relied upon certain aggravating factors to enhance Smith's sentence. Therefore, we reverse on the issue of Smith's sentence and remand for sentencing consistent with this opinion.

Affirmed in part, reversed and remanded in part.

ROBB and BAKER, JJ., concur.