**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 08 2013, 5:27 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LARRY CRAWFORD THOMAS**
Clinton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY ALAN DAVIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 83A01-1301-CR-44 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE VERMILLION CIRCUIT COURT
The Honorable Bruce V. Stengel, Judge
Cause No. 83C01-1204-FA-2

**August 8, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Jeffrey A. Davis (Davis), appeals the trial court's denial of his motion to suppress the evidence discovered during a search of his residence.

We affirm.

## ISSUES

Davis raises one issue for our review, which we restate as follows: Whether the trial court abused its discretion when it denied Davis' motion to suppress.

## FACTS AND PROCEDURAL HISTORY

At some point on April 11, 2012, an individual was arrested for driving while suspended by the Vermillion County Sheriff's Department. In exchange for not having this charge pursued, she entered into an agreement with law enforcement officers informing them that Davis was manufacturing methamphetamine at his residence. Based on her information, Officer Chad Hennis (Officer Hennis) with the Vermillion County Sheriff's Department, sought a search warrant and submitted a probable cause affidavit that same day. The probable cause affidavit for the search warrant stated, in pertinent part:

> Affiant [Deputy Chad Hennis] is a regular member of the Vermillion County Sheriff's Department, being duly sworn on February 15, 2008. Affiant is currently assigned to the Vermillion County Sheriff Department Drug Enforcement. In connection with affiant['s] official duties, affiant investigates criminal violations of both state and federal narcotics laws. Affiant has received special training in the enforcement of laws concerning controlled substances and has testified in state judicial proceedings and prosecutions for violations regarding controlled substances. Affiant has received training and has participated in all normal

2

> methods of investigations, including, the general questioning of witnesses and the execution of arrest and search warrants.
>
> On April 11, 2012, at approximately 4:00 P.M., affiant interviewed a confidential informant [(CI)]. The informant advised me that she had just left 697 Plant St. in Universal, IN. She stated to affiant that [Davis] was inside the residence cooking meth. She advised that she is a prior meth user and knows what the smell of meth cooking is. She also stated that she has got[ten] meth from Davis before. She stated that he uses the one pot method and is cooking in the kitchen.
>
> He also sent the CI a text message the [sic] read "Umm, I can't leave at this moment but I'll let them know." This text was at 3:10 P.M. on 4/11/2012.
>
> The CI has provided Deputy Tim Dispennett with reliable information in the past.
>
> The residence is a single story house on the south side of Plant Street. The house has a door on the north-west corner and a door on the north-center of the house. It is unknown if there are any doors on the [sic] back of the house.

(Appellant's App. p. 27).

The officers executed the search warrant, noting "a haze in the house and a strong smell of a chemical odor." (Appellant's App. p. 11). A one-pot methamphetamine laboratory was discovered in the kitchen. The officers also found 3.7 grams of methamphetamine in a plastic baggie, lithium battery strips, four one gallon cans of Coleman camp fuel, a digital scale, plastic baggies, and a bottle with the bottom burned off, which was consistent with the one-pot methamphetamine lab.

On April 12, 2012, the State filed an Information, charging Davis with Count I, dealing in methamphetamine, a Class A felony, Ind. Code § 35-44-4-1.1; and Count II, manufacturing methamphetamine, a Class B felony, I.C. § 35-44-2-1. On September 26, 2012, Davis filed a motion to suppress the evidence obtained during the search of his

residence.  On November 8, 2012, a suppression hearing was held, and the trial court took the motion under advisement.  On December 14, 2012, the trial court issued its Order Denying Davis' motion to suppress evidence, stating, in pertinent part:

> [T]he lack of corroboration and the failure to disclose pertinent information about the CI meant that the totality of circumstances or common-sense approach to issuing this search warrant must fail.  […] In applying the good faith exception in this case, one first looks at not what was in the affidavit but what was left out --- CI had made a deal with law enforcement.  The affidavit on its face does not contain false or exaggerated facts.  As to the statement, it appears to be accurately attributable to the CI.  […]  While this [c]ourt cannot condone an affidavit that does not divulge the CI's deal, this [c]ourt cannot also input to the officer, who signed the affidavit, a knowledgeable intent to deceive the [trial court].  Hearsay and credibility of a witness is a difficult concept even for legal experts.  For the average law enforcement officer, it is probably outside his scope of knowledge to know he has to list deals with the CI.  Even though the [c]ourt finds that the Probable Cause Affidavit was insufficient, this [c]ourt denies the Defendant's Motion to Suppress Evidence.  The evidence was seized pursuant to an officer acting in good faith that the warrant was valid.

(Appellant's App. pp. 47-48).

On January 4, 2013, Davis filed a petition to certify this cause for interlocutory appeal, which was granted by the trial court.  On March 12, 2013, we accepted this interlocutory appeal.

Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Standard of Review*

4

In determining whether or not the trial court properly denied Davis' motion to suppress, we review the denial of a motion to suppress in a manner similar to other sufficiency matters. *Smith v. State*, 780 N.E.2d 1214, 1216 (Ind. Ct. App. 2003). This court does not reweigh the evidence, and moreover, considers only the evidence favorable to the trial court's ruling along with any uncontroverted evidence to the contrary. *Id.* However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, we must also consider the uncontested evidence favorable to the defendant. *Id*.

## II. *The Search Warrant*

Davis contends that the trial court abused its discretion when it ruled that the search warrant was valid under the good faith exception. The good faith exception to the warrant requirement has been codified by Indiana Code § 35–37–4–5 which states the following:

> (a) In a prosecution for a crime or a proceeding to enforce an ordinance or a statute defining an infraction, the court may not grant a motion to exclude evidence on the grounds that the search or seizure by which the evidence was obtained was unlawful if the evidence was obtained by a law enforcement officer in good faith.
>
> (b) For purposes of this section, evidence is obtained by a law enforcement officer in good faith if:
>
>> (1) It is obtained pursuant to:
>>
>>> (A) a search warrant that was properly issued upon a determination of probable cause by a neutral and detached magistrate, that is free from obvious defects other than non-deliberate errors made in its preparation, and that was

5

reasonably believed by the law enforcement officer to be valid…

A warrant must be supported by probable cause. I.C. § 35-33-5-2(a)(2). However, the lack of probable cause does not automatically require the suppression of evidence obtained during a search. *State v. Spillers*, 847 N.E.2d 949, 957 (Ind. 2006). The Supreme Court of the United States held in *United States v. Leon,* 468 U.S. 897, 916 (1984), that the exclusionary rule does not require the suppression of evidence obtained in reliance on a defective search warrant if the police relied on the warrant in objective good faith. *Leon* cautioned, however, that the good faith exception is not acceptable in some situations, including where (1) the magistrate is "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth," or (2) the warrant was based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Spillers*, 847 N.E.2d at 957 (*citing Leon,* 468 U.S. at 923).

Specifically, Davis first contends that the good faith exception cannot apply because the officer led the issuing magistrate to "believe the informant was a C.I. by repeatedly referring to the person as a C.I. when the person had never been used as a C.I. in the past and had not been qualified by law enforcement as a C.I." (Appellant's Br. pp. 11-12).

At trial, Officer Hennis explained that despite the informant not technically being a "document informant," he considered her to be a confidential informant because she

had relevant information pertaining to Davis and wished to remain anonymous. (Tr. pp. 16, 22-23). She had on prior occasions given accurate information to law enforcement. Further, Officer Hennis also stated that there was simply insufficient time to document her because of Davis' contemporaneous manufacturing of methamphetamine. The probable cause affidavit demonstrates that Officer Hennis was receiving information by a third-party informant who wished to remain anonymous. There is no evidence suggesting that Officer Hennis used the phrase "confidential informant" with the intention to mislead.

Next, Davis asserts that the good faith exception should fail because the officer did not make the issuing magistrate aware that the police had entered into an agreement with the CI in exchange for other charges being dismissed. The CI, who was stopped for a traffic offense that same day, agreed to provide information about a methamphetamine cooking occurring simultaneously. In exchange for this information, her offense would not be pursued. At trial, Officer Hennis was never questioned as to his reason for omitting the agreement made with the CI. Also, there is no evidence in the record indicating that Officer Hennis intentionally left the agreement with the CI out of the probable cause affidavit to mislead the magistrate in order to obtain the search warrant of Davis' residence.

Lastly, Davis contends that the trial court improperly expanded the good faith exception when it ruled that the concept of hearsay and credibility of a witness is outside

7

the scope of Officer Hennis' knowledge despite his own sworn statement, which says, in pertinent part, that:

> […] affiant investigates criminal violations of both state and federal narcotics laws. Affiant has received special training in the enforcement of laws concerning controlled substances and has testified in state judicial proceedings and prosecutions for violations regarding controlled substances. Affiant has received training and has participated in all normal methods of investigations, including, the general questioning of witnesses and the execution of arrest and search warrants.

(Appellants' App. pp. 45-46). Davis maintains that because of his admitted extensive knowledge in the execution of arrest and search warrants, Officer Hennis must have intentionally misled the trial court.

Police officers are required to have a reasonable knowledge of what the law prohibits; however, they are not required to engage in extensive legal research and analysis before obtaining search warrants, in the context of the good-faith exception to the exclusionary rule. *State v. Spillers*, 847 N.E.2d 949, 957 (Ind. 2006). In *Illinois v. Gates*, 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed.2d 52**7** (1983), the United States Supreme Court noted that, "informants' tips doubtless come in many shapes and sizes from many different types of persons.... Rigid legal rules are ill-suited to an area of such diversity." *Id* at 232.

Declarations against penal interest can furnish sufficient basis for establishing the credibility of an informant within the meaning of the statute governing the content of affidavits when search warrants are sought based on hearsay information. *See Spillers*, 847 N.E.2d at 954. Moreover, as the *Harris* Court observed, "[p]eople do not lightly

admit a crime and place critical evidence in the hands of the police in the form of their own admissions." *United States v. Harris,* 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). The Court went on to say that, "[a]dmissions of crime ... carry their own indicia of credibility—sufficient at least to support a finding of probable cause to search." *Id* at 583.

Here, the CI was stopped for a traffic ticket, and provided information about a methamphetamine cooking that was occurring simultaneously. Against her own penal interest, she advised the Officer that she is a prior methamphetamine user, knows the smell of cooking methamphetamine, and has received methamphetamine from Davis before, which is how and why she knows Davis' operation for cooking and distributing methamphetamine. The probable cause affidavit repeated what the CI had said and the trial court issued the warrant.

Thus, despite the trial court's findings that the search warrant was defective, we agree with the trial court that Officer Hennis did not mislead the trial court. Officer Hennis accurately repeated the information he learned from the CI, who had been accurate in the past, in the probable cause affidavit. The affidavit was reasonably believed by Officer Hennis to be valid, and the evidence reflects that it did not contain deliberate errors. Therefore, we conclude that Officer Hennis acted in good faith and did not deliberately intend to mislead the magistrate in preparing the Probable Cause Affidavit.

<u>CONCLUSION</u>

9

Based on the foregoing, we conclude that the trial court did not abuse its discretion when it denied Davis' motion to suppress.

Affirmed.

BRADFORD, J. and BROWN, J. concur