**Christopher SEBASTIAN,**
**Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 78A04–9910–CR–444.**

Court of Appeals of Indiana.

April 10, 2000.

Transfer Denied June 2, 2000.

David W. Hickman, W. Gregory Coy, Vevay, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Timothy W. Beam, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

1. Ind.Code Ann. § 35–48–4–11 (West 1998).

## OPINION

FRIEDLANDER, Judge

Christopher Sebastian was charged with Possession of Marijuana [1] and Possession of Paraphernalia,[2] both class D felonies. The sole issue presented in this interlocutory appeal is whether the trial court erred in denying Sebastian's motion to suppress.

We affirm.

At approximately 1 or 2 a.m. on December 19, 1997, Vevay Police Officers Patrick Williams and Michael Caplinger observed Sebastian's vehicle traveling westbound on State Road 56. In addition to Sebastian, who was driving, there was one passenger in the front seat of the car. The officers noticed the right two wheels of Sebastian's vehicle turn sharply off the road to the right. Sebastian then jerked the car back onto the roadway. As the officers followed Sebastian's vehicle after it turned right onto State Road 129, they noticed that the vehicle drifted to the left of the center line of the road several times. Because they suspected that Sebastian might be intoxicated, they stopped his vehicle on a fairly wide shoulder of the road at the intersection of Emmich Road near the Indian Creek Bridge. The area where the officers made the stop was not a high crime area. There were no other people around at the time of the stop.

Williams approached the driver's side of the vehicle, and Caplinger approached the passenger's side. Williams requested that Sebastian produce his driver's license and registration. Sebastian did not smell of alcohol. He made no threatening movements and did not act in a suspicious manner.

At some point, because the officers smelled the distinct odor of burnt marijuana emanating from the vehicle, Williams asked Sebastian to step out of the vehicle. Because it was very cold outside and because Williams was going to allow Sebas-

2. IC § 35–48–4–8.3.

tian to sit in the patrol car for questioning, Caplinger told Sebastian that he wanted to perform a pat-down search of his outer clothing, and Sebastian allowed Caplinger to do so. While conducting the pat-down search, Caplinger felt what he believed was a pocketknife in Sebastian's pants pocket. The item turned out to be a small metal pipe with marijuana residue in the bowl.

After the pat-down search was completed, Sebastian was handcuffed and placed, by Williams, in the patrol car. According to Williams, Sebastian was handcuffed because he was going to be placed in the patrol car and because the officers were going to search the vehicle for contraband. Williams testified that the officers searched Sebastian's vehicle because they smelled marijuana and because a pipe was produced during the pat-down search. According to Caplinger, Sebastian was not under arrest at the time the vehicle was searched.

During the search of the vehicle, the officers found, in the console between the driver and passenger seats, a pill bottle containing marijuana seeds, a cigarette package containing scales, and a plastic baggie containing marijuana residue. Sebastian was formally placed under arrest and advised of his rights only after the search of the vehicle. As noted above, Sebastian was thereafter charged with possession of marijuana and paraphernalia.

 Sebastian filed a motion to suppress the evidence obtained from both his person and his vehicle, alleging in pertinent part:

That the search of [his] person and automobile in question were made without probable cause, without a search warrant, and without consent .... [and that] any evidence obtained pursuant to the search in question should be suppressed because it was obtained in violation of [his] rights secured by the constitution of the United States under the Fourth, Fifth, Sixth and Fourteenth Amendments thereto and under Article I, § 11, § 13, and § 14 of the Indiana Constitution.

*Record* at 17–18. After conducting a hearing, the trial court denied the motion to suppress in an order which stated in pertinent part:

The Court hears evidence and finds:

1. Police Officers noticed a vehicle driven by Defendant driving left of center on a highway;

2. The officers stopped the vehicle;

3. The police officers smelled marijuana when the windows of the vehicle were opened;

4. The police officers had probable cause to believe that marijuana was in the vehicle; and

5. The Motion to Suppress Evidence should be denied.

IT IS NOW ORDERED AND ADJUDGED by the Court that the Motion to Suppress Evidence filed by Defendant is denied.

*Record* at 20. The trial court entered an order certifying this case for interlocutory appeal. This court accepted jurisdiction of this appeal pursuant to Ind. Appellate Rule 4(B)(6).

We review the denial of a motion to suppress in a manner similar to other sufficiency matters. We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, we must also consider the uncontested evidence favorable to the defendant.

*Overstreet v. State,* 724 N.E.2d 661, 663 (Ind.Ct.App.2000) (citations omitted). When we evaluate the propriety of a warrantless search under the Fourth Amendment, we accept the trial court's factual findings unless they are clearly erroneous. *Burkett v. State,* 691 N.E.2d 1241 (Ind.Ct. App.1998), *trans. denied.* Findings of fact are clearly erroneous where the record

lacks any facts or reasonable inferences to support them. *Id.* However, the ultimate determination whether there is probable cause is reviewed de novo. *Id.*

■ Sebastian argues in this appeal that the odor of marijuana did not create sufficient reasonable suspicion or probable cause to justify the search of his vehicle. He also argues that the pat-down frisk of his person was illegal. The State argues that the search of Sebastian was a proper search incident to an arrest and that the search of Sebastian's automobile was proper pursuant to the automobile exception to the warrant requirement. We hold that based upon the totality of the facts and circumstances surrounding this case, including the smell of marijuana emanating from the stopped vehicle and the legal pat-down frisk of Sebastian, the officer had probable cause to arrest Sebastian and the search of his vehicle was proper.

■ Sebastian argues that the searches of his person and his automobile were not incident to an arrest because he was not under arrest at the time of either search. "So long as probable cause exists to make an arrest, the fact that a suspect was not formally placed under arrest at the time of the search incident thereto will not invalidate the search." *Santana v. State*, 679 N.E.2d 1355, 1360 (Ind.Ct.App.1997). In addition, a police officer's subjective belief concerning whether he has probable cause to arrest a defendant has no legal effect. *Stevens v. State*, 701 N.E.2d 277 (Ind.Ct. App.1998).

■ Probable cause to arrest exists where the officer has knowledge of facts and circumstances that would warrant a man of reasonable caution to believe that a suspect has committed the criminal act in question. *Santana v. State*, 679 N.E.2d 1355. Under the search-incident-to-arrest exception to the warrant requirement, a police officer may conduct a search of the defendant's person and the area within his control. *Stevens v. State*, 701 N.E.2d 277. The search of a defendant's automobile

under this exception is valid even when the automobile is no longer in the defendant's area of control. *Id.* In addition, "where there is probable cause to believe an automobile contains the fruit or instrumentality of a crime, the inherent mobility of the automobile justifies a warrantless search." *Kenner v. State*, 703 N.E.2d 1122, 1125 (Ind.Ct.App.1999), *trans. denied.*

In *Shinault v. State*, 668 N.E.2d 274 (Ind.Ct.App.1996), the defendant was charged with possession of marijuana. He filed a motion to suppress evidence, claiming that the pat-down search conducted by a police officer and the subsequent seizure of marijuana exceeded the scope of a valid investigatory stop. This court ultimately did not reach the issue whether there was probable cause to arrest the defendant because that case involved only a limited pat-down search. Nonetheless, this court stated: "because [the police officer] detected the strong odor of marijuana coming from Shinault's person, there is also the possibility that probable cause then arose to justify an arrest and a full search incident thereto." *Id.* at 278 n. 5.

Even though Indiana has not heretofore expressly determined that the smell of marijuana alone may constitute probable cause for arrest or to search, the majority of courts in other jurisdictions that have considered the issue have so found. *People v. Kazmierczak*, 641 Mich. 411, 605 N.W.2d 667 (2000) (probable cause to search a vehicle may exist when the odor of marijuana is the only factor indicating the presence of contraband); *State v. Secrist*, 224 Wis.2d 201, 589 N.W.2d 387 (1999), *cert. denied* 526 U.S. 1140, 119 S.Ct. 1799, 143 L.Ed.2d 1025 (where the unmistakable odor of marijuana emanating from an automobile may be linked to a specific person or persons, such odor may provide probable cause to arrest and to conduct a warrantless search of the defendant's automobile); 2 Wayne R. LaFave, *Search and Seizure* § 3.6(b) (1996). *See also Kenner v. State*, 703 N.E.2d 1122 (noting a number of jurisdictions where

the odor of marijuana alone can provide the basis for probable cause to search a vehicle); *Brunson v. State,* 327 Ark. 567, 940 S.W.2d 440 (1997), *cert. denied* 522 U.S. 898, 118 S.Ct. 244, 139 L.Ed.2d 173 (probable cause existed to arrest and search occupants of a validly stopped vehicle where police officers approaching the vehicle detected the odor of marijuana); *People v. Stout,* 106 Ill.2d 77, 87 Ill.Dec. 521, 477 N.E.2d 498 (1985) (the odor of burning cannabis emanating from a vehicle may provide probable cause to conduct a warrantless search).

Here, the police officers stopped Sebastian's vehicle because he was driving erratically. When the officers approached the vehicle, they smelled the distinctive odor of burnt marijuana emanating from the passenger compartment. These facts and circumstances would have warranted a man of reasonable caution to believe that Sebastian had committed a criminal act and provided probable cause for his arrest. Because there was probable cause to arrest, the pat-down search of Sebastian's person and the search of his vehicle were therefore proper. The trial court properly denied Sebastian's motion to suppress.

Judgment affirmed.

GARRARD, Sr. J., and DARDEN, J., concur.