Anthony W. VanPELT, Appellant–
Defendant,

v.

STATE of Indiana, Appellee Plaintiff.

No. 86A04–0106–CR–280.

Court of Appeals of Indiana.

Dec. 28, 2001.

William E. Daily, Danville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

NAJAM, Judge.

## STATEMENT OF THE CASE

Anthony W. VanPelt appeals his conviction for Possession of Marijuana, as a Class A misdemeanor, following a jury trial. He presents the following dispositive issues for our review:

1. Whether the trial court erred when it denied his motion to suppress.
2. Whether the trial court erred when it instructed the jury.

We affirm.[1]

## FACTS AND PROCEDURAL HISTORY

On June 7, 2000, Warren County Sheriff's Deputies Michael Bayless and Jason Warford observed VanPelt operating his car in an erratic manner. The deputies caught up to VanPelt after he had parked in front of a residence and exited his car. When Deputy Bayless approached VanPelt to request identification, he noticed a strong odor of marijuana coming from VanPelt's person, and he observed that VanPelt's eyes were bloodshot and that there was a bulge in his pants pocket. Deputy Bayless asked VanPelt for consent to search his car, and VanPelt signed a written waiver and consent.

While Deputy Bayless searched the car, Deputy Warford conducted field sobriety tests on VanPelt, which he failed. Deputy Warford also read VanPelt an implied consent form, which advised him that there was probable cause to believe that he had operated a vehicle while intoxicated and informed him that his refusal to submit to a chemical test would result in the suspension of his driving privileges. VanPelt re-

---

1. After the jury found him guilty of the misdemeanor charge, VanPelt pleaded guilty to a second charge of possession of marijuana, as a Class D felony. *See* Ind.Code § 35–48–4–11 (offense is D felony if the person has a prior conviction for possession of marijuana).

fused the chemical test, explaining that he had smoked marijuana earlier that night. Deputy Bayless then asked VanPelt for permission to conduct a patdown search of his person, which VanPelt refused. Nonetheless, Deputy Warford informed VanPelt that he was going to conduct a patdown search due to his erratic driving and the strong odor of marijuana. Deputy Warford found a baggie containing marijuana in VanPelt's pants pocket as a result of the search. Deputy Warford issued a citation for VanPelt's refusal to submit to a chemical test, but the deputies did not arrest him for possession of marijuana until three weeks later, after they had consulted with the Warren County prosecutor's office.

The State charged VanPelt with two counts of possession of marijuana, one as a Class A misdemeanor, and the other as a Class D felony. VanPelt filed a motion to suppress the evidence and statements obtained during the search of his person arguing that the search was illegal and that he had not been read his *Miranda* rights before volunteering to the deputies that he had smoked marijuana that evening. Following a hearing, the trial court denied VanPelt's motion to suppress. A jury found VanPelt guilty of the misdemeanor possession count, and he subsequently pleaded guilty to the felony possession count.

### DISCUSSION AND DECISION

#### Issue One: Motion to Suppress

VanPelt contends that the trial court erred when it denied his motion to suppress the evidence and statements obtained during the patdown search of his

person.[2] The State responds that the search was legal under the "search incident to arrest" exception to the warrant requirement. We agree with the State.

■ We review the denial of a motion to suppress in a manner similar to other sufficiency matters. *Morales v. State*, 749 N.E.2d 1260, 1265 (Ind.Ct.App.2001). We do not reweigh the evidence, and we consider conflicting evidence most favorable to the trial court's ruling. *Id.* However, unlike the typical sufficiency of the evidence case where only the evidence favorable to the judgment is considered, we must also consider the uncontested evidence favorable to the defendant. *Id.*

■ The Fourth Amendment to the United States Constitution protects both privacy and possessory interests by prohibiting unreasonable searches and seizures. *Hanna v. State*, 726 N.E.2d 384, 388 (Ind.Ct.App.2000). Searches and seizures that occur without prior judicial authorization in the form of a warrant are per se unreasonable, unless an exception to the warrant requirement applies. *Conwell v. State*, 714 N.E.2d 764, 766 (Ind.Ct.App.1999). The State bears the burden of proving that a warrantless search falls within one of the narrow exceptions to the warrant requirement. *State v. Friedel*, 714 N.E.2d 1231, 1237 (Ind.Ct.App.1999).

■ When evaluating the propriety of a warrantless search under the Fourth Amendment, we accept the trial court's factual findings unless they are clearly erroneous. *Sebastian v. State*, 726 N.E.2d 827, 829 (Ind.Ct.App.2000), *trans. denied.* Findings of fact are clearly erroneous

2. VanPelt's primary argument on this issue focuses on federal constitutional jurisprudence, but he briefly asserts that the search also violated his rights under Article I, § 11 of the Indiana Constitution. Because VanPelt fails to present a cogent argument as to why

the analysis would be different under the Indiana Constitution, we address only the established federal search incident to arrest analysis. *See State v. Hurst*, 688 N.E.2d 402, 403 n. 1 (Ind.1997).

where the record lacks any facts or reasonable inferences to support them. *Id.* at 829–30. However, the ultimate determination whether there is probable cause is reviewed de novo. *Id.* at 830.

■■■■ One exception to the requirement of a warrant is the search incident to arrest, which provides that a police officer may conduct a search of the arrestee's person and the area within his or her control. *Stevens v. State,* 701 N.E.2d 277, 280 (Ind.Ct.App.1998) (citation omitted). In order for a search incident to arrest to be valid, the arrest itself must be lawful. *Id.* Probable cause must be present to support the arrest. *Id.*

■■■■ VanPelt maintains that the search incident to arrest exception does not apply here because he was neither taken into custody nor formally arrested until three weeks after the patdown search of his person.[3] These circumstances present an issue of first impression in Indiana, namely whether a search incident to arrest is valid where the defendant's arrest is postponed for a time following the search. It is well settled that a search is "incidental" to an arrest when it can be said that it "is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest." *See Murrell v. State,* 421 N.E.2d 638, 640 (Ind.1981) (quoting *Stoner v. California,* 376 U.S. 483, 486, 84 S.Ct. 889, 11 L.Ed.2d 856 (1964)); *but see United States v. Edwards,* 415 U.S. 800, 803, 94 S.Ct. 1234, 39 L.Ed.2d 771 (1974) (holding "searches and seizures that could be made on the spot at the time of arrest may legally be conducted later when the accused arrives at the place of detention"). While the search of VanPelt's person was not contemporaneous with his arrest three

weeks later, we hold that on these facts the delay between the search and the arrest did not invalidate the search.

In *Preston v. U.S,* 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), the United States Supreme Court explained the rationale underlying the rule that a search incident to arrest must be contemporaneous in time and place to the arrest:

> Unquestionably, when a person is lawfully arrested, the police have the right, without a search warrant, to make a contemporaneous search of the person of the accused for weapons or for the fruits of or implements used to commit the crime.... The rule allowing contemporaneous searches is justified, for example, by the need to seize weapons and other things which might be used to assault an officer or effect an escape, as well as by the need to prevent the destruction of evidence of the crime things which might easily happen where the weapon or evidence is on the accused's person or under his immediate control. *But these justifications are absent where a search is remote in time or place from the arrest.* Once an accused is under arrest and in custody, then a search made at another place, without a warrant, is simply not incident to the arrest.

(Citations omitted, emphasis added). This rationale does not contemplate the circumstances present here, where a search is justified by the need to prevent the destruction of evidence of a crime but the arrest is delayed. We conclude that the search incident to arrest exception, which typically applies when a search and arrest are contemporaneous, also applies where, as here, law enforcement conducts a lawful search but merely delays an otherwise val-

---

**3.** The State concedes that VanPelt's freedom was not restricted in any way on June 7, 2000.

id arrest until after consultation with a prosecutor.

 The critical issue is not *when* the arrest occurs but whether there was probable cause to arrest at the time of the search. It is well settled that as long as probable cause exists to make the arrest, the fact that a suspect was not formally placed under arrest at the time of the search incident thereto will not invalidate the search. *Sebastian*, 726 N.E.2d at 830 (quoting *Santana v. State*, 679 N.E.2d 1355, 1360 (Ind.Ct.App.1997)); *see also Smith v. State*, 256 Ind. 603, 271 N.E.2d 133, 137 (1971) (holding probable cause to arrest is sufficient for search incident to arrest). Probable cause to arrest exists where the officer has knowledge of facts and circumstances that would warrant a man of reasonable caution to believe that a suspect has committed the criminal act in question. *Sebastian*, 726 N.E.2d at 830. A police officer's subjective belief as to whether he has probable cause to arrest a defendant has no legal effect. *Id.* Instead, the police officer's actual knowledge of objective facts and circumstances is determinative. *Sears v. State*, 668 N.E.2d 662, 668 n. 8 (Ind.1996).

 Here, officers had probable cause to arrest VanPelt prior to the search of his person. After the deputies observed VanPelt driving in an erratic manner, they approached him and asked to see his driver's license. Both Deputy Bayless and Deputy Warford smelled a strong odor of burnt marijuana coming from VanPelt's person while they were talking with him, and they observed that his eyes were bloodshot. In addition, VanPelt failed two field sobriety tests. These facts and circumstances would have warranted a man of reasonable caution to believe that VanPelt had committed a criminal act and provided probable cause for his arrest. *See Sebastian*, 726 N.E.2d at 831 (holding

patdown search proper where probable cause for arrest based on erratic driving and smell of burnt marijuana in vehicle). Because the deputies had probable cause to arrest, Deputy Warford's patdown search of VanPelt's person was proper.

VanPelt also maintains that he was subjected to a custodial interrogation in violation of his *Miranda* rights. In particular, he contends the trial court erred when it denied his motion to suppress his admission to Deputy Warford that he had smoked marijuana earlier that evening. The State counters that *Miranda* does not apply because VanPelt made that statement freely, voluntarily, and without any compelling influence. Again, we agree with the State.

 The requirements of *Miranda* do not apply beyond the inherently coercive custodial interrogation for which they were designed. *Resnover v. State*, 460 N.E.2d 922, 932 (Ind.1984), *cert. denied*, 469 U.S. 873, 105 S.Ct. 231, 83 L.Ed.2d 160 (1984). The United States Supreme Court has held that the "interrogation" conceptualized in its *Miranda* opinion must reflect a measure of compulsion above and beyond that inherent in custody itself. *Id.* Any statement made freely, voluntarily and without any compelling influence is admissible into evidence. *Id. Miranda* applies only to words or actions by police officers which the officers should have known were reasonably likely to elicit an incriminating response. *Id.*

 Here, when Deputy Warford asked VanPelt to submit to a chemical test, VanPelt refused and volunteered that he had smoked marijuana earlier that evening. There is no evidence that Deputy Warford asked VanPelt whether he had been smoking marijuana, nor is there any evidence that Deputy Warford did or said anything that was designed to elicit an

explanation for his refusal to submit to the test. We conclude that VanPelt's statement was voluntary and that no *Miranda* advisement was required.

Even if VanPelt's statement to the deputies were inadmissible, its admission would be, at most, harmless error. An error in the admission of evidence is not prejudicial if the evidence is merely cumulative of other evidence in the record. *Carter v. State*, 683 N.E.2d 631, 632 (Ind. Ct.App.1997), *trans. denied.* In this case, VanPelt's admission that he had smoked marijuana that evening was simply cumulative of the physical evidence of marijuana seized from his person and not grounds for reversal of his conviction. The trial court did not err when it denied VanPelt's motion to suppress.

### Issue Two: Jury Instruction

VanPelt contends that the trial court erred in giving the following instruction:

The State has the burden of proving the Defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the State's proof must be more powerful than that. It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you should find the defendant guilty. If on the other hand, you think there is a real possibility that the defendant is not guilty, you should give the defendant the

benefit of the doubt and find the defendant not guilty.

Appellant's App. at 42.

The instruction of the jury is within the discretion of the trial court and it is reviewed only for an abuse of discretion. *Tanner v. State*, 471 N.E.2d 665, 667 (Ind.1984). The test applied to review a trial court's decision to give an instruction is 1) whether the instruction correctly states the law; 2) whether there is evidence in the record to support giving the instruction; and 3) whether the substance of the instruction is covered by other instructions which are given. *Custard v. State*, 629 N.E.2d 1289, 1292 (Ind.Ct.App. 1994). Here, VanPelt contends that the use of the phrase "you should find him guilty" in instructing the jury on reasonable doubt is a mandatory instruction that invades the province of the jury. Thus, he contends, the instruction violates Article I, Section 19 of the Indiana Constitution, which provides that "[i]n all criminal cases whatsoever, the jury shall have the right to determine the law and the facts." We cannot agree.

Initially, we note that VanPelt made no objection to the challenged jury instruction at trial. Failure to object to a jury instruction results in waiver on appeal, unless giving the instruction was fundamental error. *Wright v. State*, 730 N.E.2d 713, 716 (Ind.2000). Error is fundamental if it is "a substantial blatant violation of basic principles" and where, if not corrected, it would deny a defendant fundamental due process. *Id.* (citation omitted). VanPelt argues that the trial court's giving of the challenged instruction constitutes fundamental error. We cannot agree.

Our supreme court recently addressed the same instruction on reasonable doubt and found that it did not violate

Article I, Section 19 of the Indiana Constitution. *See id.* The court noted: "[t]he instruction[ ] inform[s] the jurors that if they conclude beyond a reasonable doubt that the defendant is guilty, they should return a verdict of guilty. The instruction [is] hardly offensive to any of our fundamental precepts of criminal justice; indeed, we have approved of [such an instruction] in several previous cases." *Id.* (citations omitted). Thus, there was no fundamental error here.[4]

Affirmed.

SHARPNACK, C.J., and RILEY, J., concur.

---

4. VanPelt also contends that, "absent the inadmissible evidence," his conviction is not supported by sufficient evidence. In addition, VanPelt maintains that he was denied the effective assistance of counsel in light of his counsel's failure to raise a Fourth Amendment objection to the evidence obtained during the patdown search of his person. Our resolution of the motion to suppress issue obviates the need to address either of these issues. *See Miller v. NBD Bank, N.A.,* 701 N.E.2d 282, 287 (Ind.Ct.App.1998).