**Wayne MEYERS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 41A05–0205–CR–241.**

Court of Appeals of Indiana.

June 19, 2003.

Stuart T. Bench, Bench Law Office, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Monika Prekopa Talbot, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Wayne Meyers appeals his convictions of possession of a schedule IV controlled substance as a Class D felony[1] and possession of marijuana as a Class A misdemeanor.[2] Meyers raises five issues on appeal, which we consolidate and restate as whether he freely and voluntarily consented to a search of his car after he was stopped for a traffic violation. We affirm.

## FACTS

Meyers' car was stopped after a police officer who had been following him for some time saw him cross the center line. Meyers agreed to perform a series of so-briety tests and he failed several of them. He then consented to a search of his car, where police found marijuana, hand-rolled cigarettes, and a bottle of pills. Meyers was arrested and a pat-down search revealed a bottle containing diazepam, a schedule IV controlled substance.

Meyers moved to suppress all physical evidence seized from his car and person, and he appeals the denial of that motion. We affirm.

## DISCUSSION AND DECISION

### Standard of Review

A trial court has broad discretion in ruling on the admissibility of evidence, and on review we will disturb a trial court's ruling only upon a showing of an abuse of discretion. *Camp v. State*, 751 N.E.2d 299, 301 (Ind.Ct.App.2001), *reh'g denied, trans. denied* 774 N.E.2d 505 (Ind. 2002). In reviewing a motion to suppress, we do not reweigh the evidence, but determine if there is substantial evidence of probative value to support the trial court's ruling. *Id.* We look to the totality of the circumstances and consider all uncontroverted evidence together with conflicting evidence that supports the trial court's decision. *Id.* If the basis for the ruling on a motion to suppress is unclear, we will uphold the trial court if a reasonable view of the evidence supports the trial court's decision. *Id.* We will affirm the judgment of the trial court if it is sustainable on any legal grounds apparent in the record. *Id.*

### Consent to Search

When a search is conducted without a warrant, the State has the burden of proving that an exception to the warrant requirement existed at the time of the search. *Krise v. State*, 746 N.E.2d 957,

1. Ind.Code § 35–48–4–7.

2. Ind.Code § 35–48–4–11(1).

961 (Ind.2001). One well-recognized exception to the warrant requirement is a voluntary and knowing consent to search. *Id.*

When the State seeks to rely upon consent to justify a warrantless search, it has the burden of proving that the consent was freely and voluntarily given. *Lyons v. State*, 735 N.E.2d 1179, 1185 (Ind.Ct.App.2000), *trans. denied* 774 N.E.2d 507 (Ind.2002). The voluntariness of this consent to search is a question of fact to be determined from the totality of the circumstances. *Id.* A consent to search is valid unless it is procured by fraud, duress, fear, or intimidation, or where it is merely a submission to the supremacy of the law. *Id.* To constitute a valid waiver of Fourth Amendment rights, a consent must be the intelligent relinquishment of a known right or privilege. *Id.* Such a waiver cannot be conclusively presumed from a verbal expression of assent unless the court determines, from the totality of the circumstances, that the verbal assent reflected an understanding, uncoerced, and unequivocal election to grant the officers a license the person knows may be freely and effectively withheld. *Id.* Knowledge of the right to refuse a search is one factor that indicates voluntariness. *Id.*

The "totality of the circumstances" from which the voluntariness of a detainee's consent is to be determined includes, but is not limited to, the following considerations: (1) whether the defendant was advised of his *Miranda* rights prior to the request to search; (2) the defendant's education and intelligence; (3) whether the defendant was advised of his right not to consent; (4) whether the defendant has had previous encounters with law enforcement; (5) whether the officer claimed authority to search without consent; (6) whether the officer was engaged in any illegal action prior to the request; (7) whether the defendant was cooperative previously; and (8) whether the officer was deceptive as to his true identity or the purpose of the search. *Id.*

Meyers asserts his consent was involuntary because it was "merely a submission to the supremacy of the law." *Id.* Meyers had not been advised of his *Miranda* rights prior to the request for the search. However, no such advisement was required as Meyers was not yet under arrest and was not being interrogated. Meyers testified he was not told he was under arrest at the time his consent was sought, and the officer who stopped Meyers testified he was not placed in custody until after she found he had marijuana. *See Albrecht v. State*, 737 N.E.2d 719, 727 (Ind.2000) (rights under *Miranda* apply only to custodial interrogation). Meyers also was not advised of his right not to consent.

However, other *Lyons* factors indicate Meyers' consent was voluntary. He is a high school graduate who has worked for the same employer for 35 years and is therefore presumably of reasonable intelligence. Meyers had had prior encounters with law enforcement officers. He was cooperative during the encounter and the officer did not threaten or deceive him. The record does not reflect the officer made any express or implied claims of authority to search without Meyers' consent. We therefore cannot say the trial court erred to the extent it determined Meyers' consent to the search was voluntary.

Because the search to which Meyers consented revealed marijuana, the officer properly arrested Meyers. Under the search-incident-to-arrest exception to the warrant requirement, a police officer may conduct a search of the defendant's person

and the area within his control. *Sebastian v. State*, 726 N.E.2d 827, 830 (Ind.Ct.App. 2000), *trans. denied* 735 N.E.2d 235 (Ind. 2000). The trial court was therefore within its discretion to allow into evidence the controlled substance found in Meyers' pocket during that pat-down search.

## CONCLUSION

Meyers consented to the search that revealed marijuana, and the diazepam was found during a proper search incident to his arrest. The trial court did not abuse its discretion when it declined to suppress that evidence.

Affirmed.

FRIEDLANDER, J., concurs.

BROOK, C.J., concurs with separate opinion.

BROOK, Chief Judge, concurring in result.

Although I agree with the majority's result, I would not reach the merits in this case. Even if we assume that Meyers's continuing objection based on his motion to suppress was proper, it applied only to "any and all evidence found, or seized as a result of the stop occurring on or about the 22nd day of October, 1999[.]" Appellant's Br. at 26. Meyers did not seek to suppress testimony that he possessed marijuana and diazepam.

At trial, the following colloquy occurred:

Q Okay. After uh, he completed the filed sobriety test, um, what happened next?

A Asked him for permission to search his vehicle of which he agreed.

Q And what did you do?

A I started on the passenger side and in the rear. In the passenger seat there was a little glove box and inside there was a, a ziplock, a sandwich container, and inside it was a plastic baggie with greenish brown plant like material. Also inside was a prescription bottle, it was unlabeled, and it had (inaudible) hand rolled cigarettes with plain like material inside and a couple that were partially burnt.

Q Through your training and experience as an officer, have you ever come into contact with Marijuana?

A Yes.

Q Okay. Through your training and experience as an officer and having come into contact with Marijuana in the past, did you form an opinion as to what that greenish brown plant like material was that you found?

A I thought it was Marijuana.

. . . .

Q What did you do after you found that?

A Then I just went down and uh, did a custody search of Mr. Meyers.

Q When you say went down . . .

A I'm sorry, went back to the back of the car and did a custody search of Mr. Meyers, and in his front pocket found a unlabeled prescription bottle with several different pills inside [which Meyers had stipulated were diazepam] and a uh, soft green zip kind of container that had one pink pill in it.

Tr. at 78–9.

Meyers did not object to the officer's testimony, which is merely cumulative of the physical evidence he sought to suppress. "Evidence that is merely cumulative is not grounds for reversal." *Tobar v. State*, 740 N.E.2d 106, 108 (Ind.2000). For this reason, I would not address Meyers's suppression claims.