## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2017, 9:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 20, 2017<br><br>Court of Appeals Case No.<br>02A03-1610-CR-2349<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D05-1604-F2-8 |

**Baker, Judge.**

[1] Brandon Jones appeals his convictions for Dealing in Cocaine, a Level 2 Felony;[1] Possession of a Narcotic, a Level 6 Felony;[2] Possession of a Controlled Substance, a Class A Misdemeanor;[3] and Carrying a Handgun Without a License, a Class A Misdemeanor.[4] He argues that the trial court erred when it admitted evidence found on Jones after an officer conducted a pat-down search. Finding no error, we affirm.

## Facts

[2] Around 11:24 a.m. on April 11, 2016, Fort Wayne Police Department Detective George Nicklow was driving northbound on a street when he observed a silver Chrysler Pacifica driving southbound on the same street. The speed limit was thirty miles an hour; Detective Nicklow estimated that the vehicle was traveling at about forty or forty-five miles per hour. The vehicle crossed the center line, forcing the detective to swerve to get out of the way. Detective Nicklow turned his vehicle around and attempted to conduct a traffic stop on the vehicle for leaving its lane. He activated his emergency lights and siren, but the vehicle continued about two blocks before stopping. In the detective's experience, vehicles usually pull over within half a block.

---

[1] Ind. Code § 35-48-4-1(e).

[2] I.C. § 35-48-4-6(a).

[3] I.C. § 35-48-4-7(a).

[4] Ind. Code § 35-47-2-1(a).

[3]     Once the vehicle stopped, Detective Nicklow approached the car with Detective Robert Hollo, who had arrived at the scene. Detective Shannon Hughes also arrived. Two people were inside the car, including Jones, who had been driving, and Brianna Brown, a passenger. Jones appeared nervous; his hands were shaking and he avoided eye contact. Jones could not provide a driver's license or proof of insurance; Detective Nicklow verified through his squad car computer that Jones did not have an Indiana driver's license, and at the same time, he noted that Jones did not have a permit to carry a handgun. The detective then asked Jones to exit the vehicle because neither Jones nor Brown, who also did not have proof of insurance, would be able to legally drive the vehicle away from the scene.

[4]     Detective Nicklow decided to conduct a pat-down of Jones. Because of Jones's nervous behavior, the length of time that it took Jones to stop his vehicle, and their location in a high-crime area, Detective Nicklow feared that Jones "possibly had a weapon on him." Suppression Hearing Tr. p. 22. He advised Jones that he would conduct a pat-down for officer safety and instructed him to put his hands on top of his head. As Detective Nicklow began the pat-down, Jones twice moved his hands down toward his waist. Detective Nicklow advised him to not do that or else he would place Jones in handcuffs. When the detective started the pat-down again, Jones moved his hands again, and the detective put him in handcuffs. During the pat-down, Detective Nicklow discovered a semi-automatic handgun inside Jones's left front sweatpants pocket. He asked Jones whether Jones had a permit to carry, and Jones

answered that the gun belonged to his brother. Detective Nicklow placed Jones under arrest for carrying a handgun without a license.

[5] As the detective continued the pat-down, he observed a purple Crown Royal bag in Jones's right front sweatpants pocket. Detective Nicklow removed the bag; inside were five plastic baggies that contained cocaine, a small glass vial that contained cocaine, a plastic baggie that contained heroin, and several alprazolam pills. The detective also discovered a digital scale and $445.

[6] The State charged Jones with dealing in cocaine, a Level 2 felony; possession of a narcotic, a Level 6 felony; possession of a controlled substance, a Class A misdemeanor; and carrying a handgun without a license, a Class A misdemeanor. Before trial, Jones moved to suppress the evidence found during the pat-down. At the suppression hearing, the trial court denied his motion. A bench trial took place on August 10, 2016, and the trial court found Jones guilty as charged. The trial court sentenced Jones to concurrent terms of eighteen years for dealing in cocaine, with eleven years executed and seven suspended to be served on probation; two years for possession of a narcotic; one year for possession of a controlled substance, and one year for carrying a handgun without a license. He now appeals.

## Discussion and Decision

[7] Jones argues on appeal that the trial court erred when it did not grant his motion to suppress evidence. We initially observe that, because Jones is appealing after a completed trial, the issue is properly framed as whether the

trial court erred in admitting the challenged evidence at trial. *Lindsey v. State*, 916 N.E.2d 230, 238 (Ind. Ct. App. 2009). A trial court has broad leeway in ruling on the admissibility of evidence and we will disturb its rulings only where the court erred in its ruling. *Hoglund v. State*, 962 N.E.2d 1230, 1237 (Ind. 2012). An error occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

[8] Jones contends that his pat-down was unreasonable pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.[5] Jones does not challenge the validity of the traffic stop or whether Detective Nicklow had a reasonable basis for having Jones exit the vehicle; instead, he argues that Detective Nicklow's pat-down of him was unreasonable because there was no reasonable suspicion that he was armed and dangerous. The State responds that the search was legal under the search incident to arrest exception to the Fourth Amendment's warrant requirement.

[9] The Fourth Amendment protections against unreasonable search and seizure have been extended to the states through the Fourteenth Amendment. *Wilson v. State*, 754 N.E.2d 950, 954 (Ind. Ct. App. 2001). Searches and seizures that occur without prior judicial authorization in the form of a warrant are per se unreasonable, unless an exception to the warrant requirement applies. *Conwell v.*

---

[5] Jones does not make an argument regarding the constitutionality of the pat-down search under the Indiana Constitution. Therefore, Jones has waived this argument and we will only address the constitutionality of the search pursuant to the Fourth Amendment.

*State*, 714 N.E.2d 764, 766 (Ind. Ct. App. 1999). The State bears the burden of proving that a warrantless search falls within one of the narrow exceptions to the warrant requirement. *State v. Friedel*, 714 N.E.2d 1231, 1237 (Ind. Ct. App. 1999). One such exception is the search incident to arrest, which provides that a police officer may conduct a search of the arrestee's person and the area within his or her control. *Stevens v. State*, 701 N.E.2d 277, 280 (Ind. Ct. App. 1998) (citation omitted).

[10] It is well settled that a search is "incident" to an arrest when it can be said that it "is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest." *VanPelt v. State*, 760 N.E.2d 218, 222 (Ind. Ct. App. 2001). "The critical issue is not *when* the arrest occurs but whether there was probable cause to arrest at the time of the search." *Id.* at 223 (emphasis original). As long as probable cause existed to make the arrest, "the fact that a suspect was not formally placed under arrest at the time of the search incident thereto will not invalidate the search." *Id.* Probable cause to arrest exists when an officer "has knowledge of facts and circumstances that would warrant a man of reasonable caution to believe that a suspect has committed the criminal act in question." *Id.* An officer's actual knowledge of objective facts and circumstances determines whether the officer has probable cause. *Id.*

[11] Here, Detective Nicklow had probable cause to arrest Jones prior to the search of his person. After Detective Nicklow observed Jones driving at a high rate of speed and crossing the center line, he stopped Jones's vehicle and asked him for identification. When Jones could not provide a driver's license or proof of

insurance, Detective Nicklow verified through his squad car computer that Jones did not have an Indiana driver's license. Indiana Code section 9-24-18-1 provides that operating a vehicle without a license is at least a Class C misdemeanor. Indiana Code section 35-33-1-1(a)(4) provides that Indiana police officers may arrest individuals whom they have probable cause to believe committed a misdemeanor in their presence. The fact that Jones was driving without a license would have warranted a man of reasonable caution to believe that Jones had committed a misdemeanor and provided probable cause for his arrest. Accordingly, Detective Nicklow had probable cause to arrest Jones due to Jones driving without a license, making Jones's arrest and Detective Nicklow's pat-down of Jones legal.

[12] Because the pat-down search was lawful under the Fourth and Fourteenth Amendments and the evidence seized from it was legally obtained, the trial court did not err in admitting the evidence.

[13] The judgment of the trial court is affirmed.

Mathias, J., and Pyle, J., concur.