## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



**FILED**

Aug 03 2020, 8:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Benjamin J. Church
Church Law Office
Monticello, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Trent A. Nice,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 3, 2020

Court of Appeals Case No.
19A-CR-2490

Appeal from the Tippecanoe
Superior Court

The Honorable Laura Zeman,
Judge

Trial Court Cause No.
79D04-1901-CM-77

**Barteau, Senior Judge.**

# Statement of the Case

Trent Nice appeals his conviction of possession of a synthetic drug or synthetic drug lookalike substance, a Class A misdemeanor.[1] We affirm.

# Issue

Nice presents one issue for our review: whether the trial court erred in admitting evidence that he claims was obtained in violation of his constitutional rights.

# Facts and Procedural History

On January 4, 2019, Officer Shutter of the Lafayette Police Department was patrolling in his marked police car when he saw Nice walking away from a house that was believed to be involved with synthetic marijuana dealing. The officer was familiar with Nice and was aware that Nice had an outstanding warrant. Officer Shutter parked his car in the next block and set out on foot. He intercepted Nice in an alley where the two men made eye contact. Officer Shutter called out Nice's name, but Nice put his hands in his pockets and continued walking. The officer called his name, ordered him to stop, and ordered him to produce his hands several times to no avail. Officer Shutter then warned Nice that if he did not comply with the commands, he would be tased. Nice still refused to cooperate. Officer Shutter tased Nice and took him

---

[1] Ind. Code § 35-48-4-11.5 (2014).

into custody. Once Nice was in custody, he was searched. During this search, Officer Shutter found a screwdriver, pocketknives, and a substance that was later determined to be a synthetic drug lookalike substance.

[4] Based upon this incident, the State charged Nice with possession of a synthetic drug or synthetic drug lookalike substance, a Class A misdemeanor, and resisting law enforcement, a Class C misdemeanor.[2] Prior to trial, Nice moved to suppress the items obtained in the search, and the court denied the motion after a hearing. At a bench trial, Nice objected to the same evidence. The trial court overruled the objection, and Nice was found guilty of possession of a synthetic drug or synthetic drug lookalike substance. He was sentenced to 365 days, all suspended. Nice now appeals.

## Discussion and Decision

[5] Nice contends the evidence seized during the search subsequent to his arrest was obtained in violation of his constitutional rights. Specifically, he argues that Officer Shutter's use of the taser to effect the arrest constitutes unreasonable and excessive force and that the fruits of the subsequent search are therefore inadmissible.

[6] As a general matter, we review a trial court's decision to admit evidence for an abuse of discretion. *Nicholson v. State*, 963 N.E.2d 1096, 1099 (Ind. 2012).

---

[2] Ind. Code § 35-44.1-3-1 (2016).

However, when a defendant's challenge to the admission of evidence implicates the constitutionality of the search or seizure of the evidence, it raises a question of law, which we review de novo. *Guilmette v. State*, 14 N.E.3d 38, 40-41 (Ind. 2014).

A claim that a law enforcement officer has used excessive force in the course of an arrest is analyzed under the Fourth Amendment to the United States Constitution and its "'reasonableness'" standard. *Love v. State*, 73 N.E.3d 693, 697 (Ind. 2017) (quoting *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)). The reasonableness inquiry in an excessive force case is an objective one: whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation. *Love*, 73 N.E.3d at 697.

To deter violations of the Fourth Amendment, evidence obtained in violation thereof generally is not admissible. *Berry v. State*, 121 N.E.3d 633, 637 (Ind. Ct. App. 2019), *trans. denied*. This is known as the exclusionary rule. *See Hensley v. State*, 778 N.E.2d 484, 488 (Ind. Ct. App. 2002). However, the exclusionary rule does not apply to every Fourth Amendment violation. *U.S. v. Watson*, 558 F.3d 702, 705 (7th Cir. 2009). "[W]hen evidence is lawfully seized, police misconduct collateral to the seizure does not trigger the application of the exclusionary rule." *Id.* More specifically, "[t]he exclusionary rule is used in only a subset of all constitutional violations—and excessive force in making an arrest or seizure is not a basis for the exclusion of evidence." *Evans v. Poskon*, 603 F.3d 362, 364 (7th Cir. 2010); s*ee also U.S. v. Collins*, 714 F.3d 540 (7th Cir.

2013) (holding that officers' alleged use of excessive force in arrest of defendant did not require suppression of evidence seized during search after arrest); *Gutierrez-Berdin v. Holder*, 618 F.3d 647, 652 (7th Cir. 2010) (citing *Evans* and following holding in *Watson* to explain that allegations of minor physical abuse coupled with aggressive questioning did not warrant suppression); *U.S. v. Jones*, 214 F.3d 836 (7th Cir. 2000) (police officers' allegedly unreasonable manner of entering apartment to execute search warrant did not require suppression of evidence). Thus, Officer Shutter's alleged use of excessive force in effecting the arrest of Nice by using a taser does not require suppression of the evidence seized during the search incident to his arrest.

[9] Additionally, "a suit for damages is the better remedy to address excessive force because a civil action is 'better calibrated to the actual harm done the defendant' than exclusion, which can impose great social costs." *Collins*, 714 F.3d at 543 (quoting *Watson*, 558 F.3d at 705).

[10] Moreover, this is a case of inevitable discovery—as where the police obtain evidence by means of an illegal search but if they had not violated the law, they would have obtained the evidence lawfully anyway, and, on that ground, the evidence is admitted. *Watson*, 558 F.3d at 705 (citing *Nix v. Williams*, 467 U.S. 431, 444, 104 S. Ct. 2501, 81 L. Ed. 2d 377 (1984)). Even if Officer Shutter had not used the taser to stop Nice, at some point the officer would have apprehended Nice and arrested him due to the outstanding warrant. As he did in this case, Officer Shutter would have conducted a search incident to arrest

and found the lookalike substance.[3]  *See, e.g.*, *Collins*, 714 F.3d at 542-43 (stating there was no "causal nexus" between officers' use of force and discovery of money, which would have been discovered during a search incident to arrest).

# Conclusion

[11]  Based on the foregoing, we conclude that the officer's alleged use of excessive force in arresting Nice does not require suppression of the evidence seized during the search incident to his arrest and that a civil action is the more appropriate remedy to address the officer's actions.

[12]  Affirmed.

Bradford, C.J., and Brown, J., concur.

---

[3] In order for a search incident to arrest to be valid, the arrest must be lawful. *VanPelt v. State*, 760 N.E.2d 218, 222 (Ind. Ct. App. 2001), *trans. denied* (2002).  That is to say, probable cause must be present to support the arrest.  *Id.*  Here, Nice concedes that Officer Shutter had probable cause to arrest him.  *See* Appellant's Br. p. 9.  Evidence resulting from a search incident to a lawful arrest is admissible at trial. *Johnson v. State*, 137 N.E.3d 1038, 1043 (Ind. Ct. App. 2019).